Curia, per
Nott, J.
The first ground relied on in this case is too general to afford the party any prospect of success. Every ground of appeal ought to be so distinctly stated, that the Court may at once see the point which *500 they are called upon to decide, and without such specification we do not consider ourselves bound to decide any question which may be raised out of so general and undefined a charge. In the argument it has been contended that the bailiff had no right to impound the goods on the premises and therefore tl^e defendant could not be guilty of a reseous in taking them away, but to that it is sufficient to say, that if the tenant consented, it does not lie in the mouth of the defendant to raise the objection.
With regard to the second-question, there does not appear to be any fixed; period, after which a person may not distrain for rent in arrear. In the case of Braithwaitc vs. Cooksey, it was held that a person might distrain for all the rent dpe for six years; 1 H. Black, 465. In the case ex parte Grove 1 Atk. 104, the party distrained for twelve years rent, although, it was disallowed on another ground, it did not appear that the length of time would have been a bar. Numerous other cases mightbe adduced to the same effect. If the execution had been levied before the distress, it might have been otherwise, or even if it had been issued before, and had then beep in active operation; but a dormant execution, though it might be entitled to money properly received on a junior executions,, cannot sanctify a levy otherwise illegal.
If the rent of one year had been allto which the plaintiffs wére entitled, they would not have been entitled to, interest after having refused to accept the principal when tendered to them, but as they were authorized to distrain for all the rent ip arrear,'which was more than the whole value of the goods distrained, they were entitled toa full remuneration for the damages which they sustained by the reseous, And although strictly they arc not entitled to interest, yet the-Jury might make the rate of interest the measure of damages. And if they had done so, I think it must have been allowed by the Court; but I *501 ¡do not think that interest follows as a matter of course, and therefore cannot be allowed on this verdict. 1 am also of opinion that under the statute the plaintiff is entitled to treble damages. But as the plaintiff has entered up his judgment on the opinion of the Judge below, for the interest allowed on the damages, the judgment must be set aside unless the plaintiff will remit that part of it; in which case it may remain undisturbed.

Judgment reversed nisi.